**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------
ALEXIS RIVERA QUINTANILLA,

                       Petitioner,

      -against-

THOMAS DECKER, *Director, New York Field Office, U.S. Immigration and Customs Enforcement*; PETER T. GAYNOR, *Acting Secretary, U.S. Department of Homeland Security*; JEFFREY A. ROSEN, *Acting U.S. Attorney General*; CARL E. DUBOIS, *Sheriff, Orange County*,

                       Respondents.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

21 Civ. 417 (GBD)

GEORGE B. DANIELS, United States District Judge:

Petitioner Alexis Rivera Quintanilla seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his ongoing detention by Immigration and Customs Enforcement ("ICE"). (*See* Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1.) Petitioner challenges his detention as a violation of due process, the Immigration and Nationality Act, and the Administrative Procedures Act. Specifically, he argues that the immigration judge presiding over his bond hearing improperly shifted the burden of proof to Petitioner, requiring that Petitioner prove that he is not a flight risk or a danger to the community. (*Id.* at 2.) Petitioner seeks immediate release from custody or a prompt new bond hearing, where Respondents must establish by clear and convincing evidence that continued detention is justified, the adjudicator may not give undue weight to uncorroborated criminal allegations, and the adjudicator must meaningfully consider alternatives to imprisonment and Petitioner's ability to pay if setting a monetary bond.

(*Id.* at 34.) Petitioner's petition for a writ of habeas corpus is GRANTED.[1] Within ten business days, Respondents shall provide Petitioner with a new bond hearing where Respondents will be required to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community in order to justify Petitioner's continued detention. The immigration judge is also hereby directed to meaningfully consider alternatives to incarceration and Petitioner's ability to pay if setting a monetary bond.

## I.   BACKGROUND

In October 2011, Petitioner, a native of El Salvador, entered the United States without inspection as an unaccompanied minor at the age of thirteen. (Pet. at 8.) He was placed in removal proceedings and released to his godfather, a resident of Nassau County, New York. (*Id.*) In 2014, Petitioner's removal proceedings were administratively closed to permit him to file a petition with the United States Citizenship and Immigration Service ("USCIS") for an immigrant visa under Special Immigrant Juvenile Status ("SIJS"). (*Id.* at 9.) USCIS granted Petitioner's SIJS petition in 2017 and assigned him a priority date of November 27, 2018, at which time he would be able to apply to adjust his status to lawful permanent resident. (*Id.*) However, SIJS applicants from El Salvador are experiencing extended delays and Petitioner continues to wait for his priority date to become "current." (*Id.*) According to Petitioner, his priority date is expected to become current by the summer of 2021. (*Id.*)

On September 28, 2019, Petitioner was arrested in Nassau County and charged with driving while intoxicated. (*Id.*) On February 27, 2020, he pleaded guilty to an unclassified misdemeanor, and was sentenced to a fine and two years of probation. (*Id.*) His license was revoked for one

---

[1] Petitioner also moves for an order to show cause, preliminary injunction, and temporary restraining order seeking the same relief. (*See* Mot. for Order to Show Cause, for Prelim. Inj., and for TRO ("PI/TRO Motion"), ECF No. 2.) In light of this Court granting Petitioner's habeas petition, Petitioner's PI/TRO Motion is DENIED as moot.

year and he was ordered to install an alcohol interlock device in any vehicle he drove during his probation. (*Id.*) On September 21, 2020, Petitioner was pulled over for a traffic violation. (*Id.* at 10.) In addition to driving on a suspended license, Petitioner did not have an alcohol interlock device installed in the vehicle. (*Id.*) He was charged with both offenses. (*Id.*) These matters are currently pending before the Nassau County Court. (*Id.*) Petitioner has no other criminal record.

On November 12, 2020, ICE arrested Petitioner as he was leaving Nassau County Court for the purpose of placing him back in removal proceedings. (*Id.*) Since then, Petitioner has been in ICE custody at Orange County Jail in Goshen, New York.[2] (*Id.*) He is being held pending removal proceedings, pursuant to ICE's discretionary authority under 8 U.S.C. § 1226(a). (*Id.*) On December 14, 2020, the immigration judge held a bond hearing for Petitioner. (*Id.*) After finding that Petitioner had not established that he was not a danger to the community, the immigration judge denied Petitioner's bond application.[3] (*Id.* at 10–11.) Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"), where it is currently pending. (*Id.* at 11.)

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS EXCUSED

"Although 'there is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus,' courts generally do require such exhaustion 'as a prudential matter.'" *Joseph v. Decker*, No. 18 Civ. 2640 (RA), 2018 WL 6075067, at *5 (S.D.N.Y. Nov. 21, 2018) (quoting *Nativi v. Shanahan*, No. 16 Civ. 8496 (JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017)). Exhaustion, however, may

---

[2] On January 22, 2021, Petitioner was transferred to the Nassau County Correctional Center for a hearing on January 25 in his criminal case in Nassau County Court. (Decl. of Deportation Officer Geraldo Paoli, ECF No. 8, ¶ 20.)

[3] Petitioner's Vehicular and Traffic Law ("VTL") violations appear to be the sole basis for the immigration judge's determination with regard to danger to the community. No determination was made by the immigration judge that Petitioner might pose a risk of flight.

be excused when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003) (citation omitted).

Petitioner's BIA appeal, though still pending, is futile and unable to adequately address Petitioner's substantial constitutional question. "The two remedies Petitioner seeks in the alternative from this Court—immediate release without another bond hearing or a supplemental bond hearing with the burden of proof on the Government—are foreclosed at the BIA based on existing administrative precedent." *Joseph*, 2018 WL 6075067, at *6. There is no indication that the BIA has expressed a willingness to alter its policy of placing the burden of proof on noncitizens to demonstrate that they are not a danger to the community or a risk of flight in order to merit release on bond. Further, the BIA has no authority to address Petitioner's constitutional challenge and is limited to "render[ing] a decision on . . . the burden of proof in a statutory context." *Velasco Lopez v. Decker*, No. 19 Civ. 2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019), *aff'd*, 978 F.3d 842 (2d Cir. 2020).

Respondents argue that Petitioner's appeal raises an independent challenge to his bond decision that, if successful, could moot his constitutional challenge, and should therefore be addressed by the BIA before this Court considers Petitioner's habeas petition. (Respondents' Mem. of Law in Opp'n to Pet. for a Writ of Habeas Corpus and Pet'r's Mot. for Order to Show Cause, Prelim. Inj., and TRO ("Respondents' Opp'n"), ECF No. 9, at 13–14.) Specifically, Respondents contend that Petitioner is challenging the immigration judge's finding that Petitioner failed to establish that he is not a danger to society. (*Id.*) Whether Petitioner is raising a challenge distinct from his criticism of the burden allocation is not entirely clear. In any event, even if

4

Petitioner is granted another bond hearing by the BIA, the burden of proof would still be placed on Petitioner, in accordance with longstanding BIA precedent. Petitioner is, thus, appropriately excused from exhausting his administrative remedies.

### III. PETITIONER'S BOND HEARING VIOLATED DUE PROCESS

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It is well established that this protection extends to noncitizens, including in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). Moreover, "due process places a heightened burden of proof *on the State* in civil proceedings in which the individual interests at stake . . . are both particularly important and more substantial than mere loss of money." *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996) (emphasis added) (internal quotation marks omitted).

Several courts in this District have already applied these principles to answer the very question presented to this Court. All have concluded that where the Government seeks to detain a noncitizen pursuant to its discretionary authority under Section 1226(a), the Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that the noncitizen poses a risk of flight or danger to the community. *See Velasco Lopez*, 2019 WL 2655806, at *3 ("[E]very court to have considered the constitutional issue . . . has agreed [that] under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of an immigrant at a bond hearing under § 1226(a)."); *see also Garcia v. Decker*, 448 F. Supp. 3d 297, 300 (S.D.N.Y. 2020); *Medley v. Decker*, No. 18 Civ. 7361 (AJN), 2019 WL 7374408, at *3 (S.D.N.Y. Dec. 11, 2019) (collecting cases); *Linares Martinez v. Decker*, No. 18

5

Civ. 6527 (JMF), 2018 WL 5023946, at *3 (S.D.N.Y. Oct. 17, 2018) (collecting cases). This Court is persuaded by and agrees with the courts' analysis. A noncitizen's liberty interest pending resolution of his removal proceedings is certainly "particularly important and more substantial than mere loss of money." *Cooper*, 517 U.S. at 363. Balancing this significant interest against the Government's interest in "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community," *Zadvydas*, 533 U.S. at 690, "supports imposing the greater risk of error on the Government—specifically, by allocating to it the burden of proof," *Linares Martinez*, 2018 WL 5023946, at *3.

Respondents offer no convincing reason for this Court to depart from the consistent, sound judgment of numerous other courts in this District. Respondents' sole argument is that the Second Circuit's recent decision in *Velasco Lopez v. Decker* forecloses Petitioner's constitutional claim. (Respondents' Opp'n at 17–19.) In *Velasco Lopez*, the Second Circuit found that the petitioner's "prolonged incarceration, which had continued for fifteen months without an end in sight or a determination that he was a danger or flight risk, violated due process." *Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020). The Circuit found that this violation would be appropriately remedied by ordering a new bond hearing where the Government would be required to carry the burden to justify continued detention by clear and convincing evidence. (*Id.*) Respondents note that the Circuit declined to announce a bright-line rule shifting the burden to the Government.[4] (Respondents' Opp'n at 18.) The Second Circuit, however, did not determine that the Due Process Clause does not demand such a rule. Rather, the Circuit found that the "case [before it did] not *require* [it] to establish a bright-line rule for when due process entitles an individual detained under § 1226(a) to a new bond hearing with a shifted burden," precisely because of the petitioner's

---

[4] Respondents further underscore that Petitioner has not been incarcerated for a prolonged period much beyond three months. (Respondents' Opp'n at 18–19.)

6

prolonged detention. *Velasco Lopez*, 978 F.3d at 855 n.13. Today, this Court joins the "overwhelming consensus of judges in this District" in concluding that the Government should bear the burden to deny liberty at any Section 1226(a) bond hearing, regardless of the noncitizen's length of detention.[5] *Fernandez Aguirre v. Barr*, No. 19 Civ. 7048 (VEC), 2019 WL 3889800, at *3 (S.D.N.Y. Aug. 19, 2019) (citation omitted).

## IV.  CONCLUSION

The petition for a writ of habeas corpus, (ECF No. 1), is GRANTED. Within ten (10) business days from the date of this Memorandum Decision and Order, Respondents shall provide Petitioner with a constitutionally-adequate, individualized bond hearing to determine whether his detention is justified, at which the burden of proof shall lie with Respondents to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. The immigration judge is also hereby directed to meaningfully consider alternatives to incarceration and Petitioner's ability to pay if setting a monetary bond.[6]

Dated: New York, New York
      February 22, 2021

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

---

[5] Because this Court finds that Petitioner's bond hearing violated his right to due process, it need not address his claims under the Immigration and Nationality Act and the Administrative Procedures Act.

[6] Petitioner also asks this Court to direct the immigration judge to not give undue weight to uncorroborated criminal allegations. However, immigration judges are permitted to assess "the totality of a detainee's prior criminal history, including arrests and unarraigned charges, in determining danger to the community." *Vargas v. Davies*, No. 15 Civ. 3525 (ER), 2016 WL 3044850, at *4 (S.D.N.Y. May 27, 2016). Moreover, this Court has no reason to believe that the immigration judge who conducted Petitioner's initial bond hearing gave "undue weight" to criminal allegations against Petitioner that would require such a directive.